IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMEEN PERRY-BEY,                    )
      Petitioner,                    )           Civil Action No. 17-133 Erie
                          )
      v.                    )
                          )           Judge Susan Paradise Baxter
RAFAEL ZUNIGA,                    )
      Respondent.                    )

**MEMORANDUM**[1]

    Presently before the Court is a petition for a writ of habeas corpus filed by federal prisoner Ameen Perry-Bey ("Petitioner"), pursuant to 28 U.S.C. § 2241. He contends that the Bureau of Prisons (the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329 (1992), erred in computing his sentence. For the reasons set forth below, the petition is denied.

**I.**

**A.    Relevant Background**

    In 2010, a Michigan state court sentenced Petitioner to a term of incarceration for breaking and entering and malicious destruction of property. He was released on parole in January 2013. While on parole, Petitioner participated in a series of pharmacy robberies in the greater Detroit area. On August 15, 2013, local police in Detroit arrested him. He was found to be in possession of various controlled substances, firearms and ammunition and he was charged with multiple parole violations. Several of the parole violation counts concerned the unlawful possession of controlled substances. Others pertained to the unlawful possession of firearms. (Resp's Ex. 2a).

---

[1] On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 21, 2018.

1

Upon his arrest, Petitioner was in the "primary custody" (sometimes referred to as "primary jurisdiction") of the State of Michigan. The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012) (per curiam); Elwell v. Fisher, 716 F.3d 477 (8th Cir. 2013). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole. See, e.g., George, 463 F.App'x at 138 n.4

Petitioner was subsequently indicted on federal drug charges in the United States District Court for the Eastern District of Michigan. On September 4, 2013, the United States Marshals Service ("USMS"), by means of a writ of habeas corpus ad prosequendum, borrowed him from state custody and federal authorities arrested him that same day. (Resp's Ex. 2b). Although Petitioner was temporarily transferred to the physical custody of federal authorities pursuant to the federal writ, the State of Michigan maintained primary custody over him. That is because a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the sending sovereign unless and until it relinquishes jurisdiction over him. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir.

2

2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) app. note 3(E) (2003). See also Elwell, 716 F.3d at 482 ("When the United States obtained physical custody of Elwell based upon the writ of habeas corpus ad prosequendum, the transfer of physical control over Elwell's custody from Iowa to the United States did not terminate Iowa's primary jurisdiction.") The receiving sovereign–in this case, the federal government–is considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and/or sentencing him. Id.

Petitioner was convicted of conspiring to distribute controlled substances in violation of 21 U.S.C. § 846. On October 23, 2014, the federal district court sentenced him to a 90-month term of imprisonment. (Resp's Ex. 2c). After he was sentenced in federal court, the USMS returned Petitioner to the Michigan Department of Corrections in satisfaction of the federal writ. (Resp's Ex. 2b). On December 11, 2014, he pleaded guilty to a number of state parole violations. (Resp's Ex. 2a).

On June 17, 2015, the State of Michigan released Petitioner on parole to a federal detainer and he was transported to the BOP, which subsequently designated him to FCI McKean, a federal corrections institution located within the territorial boundaries of this Court. (Resp's Ex. 2d). Once he was in BOP custody, Petitioner initiated a review of his federal sentence computation in an administrative remedy proceeding. In accordance with Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) and its own policies, the BOP considered during that proceeding whether it should exercise its discretion and grant Petitioner a retroactive concurrent designation pursuant to 18 U.S.C. § 3621(b). In Barden, the United States Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. See also BOP Program Statement ("PS") 5160.05, Pages 5-7.

During the BOP's review, Petitioner's federal sentencing court advised the BOP that Petitioner's sentence was to run concurrent with his state sentence. (Resp's Ex. 2h). The BOP then determined that Petitioner was entitled to a retroactive concurrent designation, which allowed a state prison to be the place where he began service of his federal sentence. (Resp's Ex. 2g).

Pursuant to 18 U.S.C. § 3585(a), the BOP has calculated Petitioner's federal sentence to have commenced on October 23, 2014, which is the date the federal court imposed it. The BOP also has determined that, in accordance with 18 U.S.C. § 3585(b), Petitioner is not entitled to any sentencing credit for the time he spent in custody prior to the commencement of his federal sentence on October 23, 2014.[2] (Resp's Ex. 1a). His projected released date is currently set at May 5, 2021.

In the petition for a writ of habeas corpus (ECF No. 4) that Petitioner filed with this Court, he contends that he is entitled to additional credit against his federal sentence. Respondent filed the answer and relevant records (ECF No. 9), and Petitioner filed a reply (ECF No. 10).

**B.      Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden, 921 F.2d at 478-79. Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider Petitioner's claim that the BOP erred in computing his sentence. A

---

[2]  Sentencing credit given in accordance with § 3585(b) is known as "prior custody credit."

federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3).

**C.     Discussion**

The following federal statutes are relevant to the evaluation of the petition:  18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and, 18 U.S.C. § 3585(b), which governs the amount of sentencing credit that an inmate may receive for time served in official detention prior to the commencement of his federal sentence. The BOP's policies regarding sentence computation are set forth in PS 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is PS 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05").[3]

**1.     Calculation of the date upon which a federal sentence commences**

18 U.S.C. § 3585(a) governs the date a federal sentence commences. It provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. See, e.g., Ruggiano, 307 F.3d at 126. The BOP will not commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served. PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier

---

[3]  The BOP policies at issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Although they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 207-08 (3d Cir. 2011) (per curiam) (citing Reno v. Koray, 515 U.S. 50, 61 (1995)).

than the date on which it is imposed."). <u>See</u>, <u>e.g.</u>, <u>Rashid v. Quintana</u>, 372 F.App'x 260, 262 (3d Cir. 2010) (per curiam) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed.") (citing <u>Unites States v. Labeille-Soto</u>, 163 F.3d 93, 98 (2d Cir. 1998), which stated: "We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted)).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As discussed above, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. <u>See</u>, <u>e.g.</u>, <u>Bowman</u>, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it

relinquishes its priority by, *e.g.*, granting bail, dismissing the charges, releasing the individual to parole or at the expiration of his sentence. See, e.g., George, 463 F.App'x at 138 n.4

The BOP has incorporated the common law primary custody doctrine into its policies, which provide:

1. If the federal government has primary custody of an inmate on the date his federal sentence is imposed, it is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

2. If the inmate is in the primary custody of the state and his federal sentencing sentence is *concurrent* with any state sentence, the BOP will return physical custody of the inmate to the state, designate the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

3. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive* to any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

The second scenario is what occurred in Petitioner's case. He was in the primary custody of the State of Michigan on the date his federal sentence was imposed. Because his federal sentence is concurrent with his state sentence, the BOP, in accordance with its policies and procedures, designated the state facility where Petitioner was serving his state sentences as the official detention facility at which he commenced service of his federal sentence. As a result, it was able to compute his federal sentence to have commenced on October 23, 2014, which is the date the federal court imposed it.

PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12. *The BOP thus commenced the Petitioner's sentence on the earliest date that it could commence.[4]*

### 2.    Calculation of prior custody credit under § 3585(b)

Section 3585(b) governs the amount of credit an inmate is entitled to receive for time served in official detention prior to the commencement of his federal sentence. It provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1)    as a result of the offense for which the sentence was imposed; or
>
> (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *That has not been credited against another sentence.*

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). The BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. See, e.g., Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Here, the time Petitioner served in official detention from the date of his arrest through October 22, 2014 (the date before his federal sentence commenced) was credited against his state sentence and, therefore, the BOP determined that he is not entitled to any prior custody credit under

---

[4]  To the extent that Petitioner argues that federal authorities obtained primary custody of him on the date of his arrest, he is wrong. However, the issue of which sovereign had primary custody over him is not as relevant as Petitioner might think it is. That is because, as previously explained, the primary custody determination affects the date upon which a federal sentence commences under § 3585(a), and Petitioner received the maximum credit under that statute that he possibly could have. Therefore, even if he had been in the primary custody of the federal government when his sentence was imposed (and he has not established that he was), his federal sentence still would have commenced on October 23, 2014, and no earlier. See PS 5880.28, Chapt. 1, Pages 12-13

§ 3585(b). See, e.g., Rios, 201 F.3d at 272; Vega, 493 F.3d at 314. There is no basis for this Court to disturb the BOP's determination.

The BOP recognizes a limited exception to § 3585(b)'s rule against double credit in accordance with the decisions in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) and Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Respondent attached to his answer the Declaration of Ronald Williams, who is a Management Analyst with the BOP. Williams' duties include auditing and reviewing inmate sentence computations. He explained why the BOP determined that Petitioner is not entitled to any Willis or Kayfez credit:

> 14. … Pursuant to Kayfez, BOP will grant to a federal inmate an amount of qualified double credit if: (1) his non-federal and federal sentences are concurrent; (2) the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date. See P.S. 5880.28…Pages 22B-24. Pursuant to Willis, BOP will award an inmate an amount of non-federal presentence credit if: (1) his non-federal and federal sentences are concurrent; and (2) the non-federal raw EFT is either the same or earlier than the federal raw EFT.

> 15.    [Petitioner] qualifies for neither Kayfez nor Willis credit. Here, [Petitioner's] original state sentence began in 2010. Parole was granted in 2013. The subsequent state parole violation sentence was a continuation of the original sentence. As such, the time in dispute is not pre-sentence time, and both Willis and Kayfez are inapplicable.

(Resp's Ex. 2, ¶ 14).

In his reply (ECF No. 10), Petitioner argues that he should be given Kayfez credits. However, Williams explained why the BOP's policies bar him from receiving such credits and Petitioner has provided this Court with no reason to question the BOP's determination.

## II.

Based upon all of the foregoing, Petitioner has not demonstrated that he is entitled to a writ of habeas corpus and, therefore, his petition is denied.[5]

An appropriate Order follows.


Dated: October 29, 2018

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[5] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).